Kevin JAGGERS and Bolus, Jaggers and Mayfield, PLLC, and Thomas E. Clay and Thomas E. Clay, P.S.C. Appellants

v.

Hon. James M. SHAKE, Judge, Jefferson Circuit Court, Second Division, and Paula Payton and Mary Blakely Appellees

No. 1999–SC–1157–MR.

Supreme Court of Kentucky.

Feb. 22, 2001.

John T. Ballantine, Stephen F. Schuster, Ogden, Newell & Welch, Louisville, for Appellants.

James M. Shake, Judge, Fayette Circuit Court, James T. Mitchell, Confliffe, Sandmann & Sullivan, Louisville, for Appellees.

LAMBERT, Chief Justice.

Pursuant to CR 76.36, Appellants appeal from an order of the Court of Appeals denying their motion for a writ of mandamus. Appellants sought to compel the trial judge to disqualify counsel for Appellees, James T. Mitchell, based upon an alleged conflict of interest. For the following reasons, the judgment of the Court of Appeals is affirmed.

The underlying action commenced with a complaint filed by Appellees and Real Parties in Interest, Paula Payton and

Mary Blakely, against Appellant, Thomas E. Clay, and Lacey Smith for alleged professional negligence in the legal representation afforded them in a case styled *Holland Income Tax, Inc. v. Paula Payton and Mary Blakely, and Paula and Mary, Inc.,* No. 93–CI–00395, Bullitt Circuit Court. Payton and Blakely are represented by James T. Mitchell of the law firm of Conliffe, Sandmann & Sullivan. Another attorney at that law firm, Sally Lambert, represents Kevin Jaggers and his former partnership of Bolus, Jaggers, and Mayfield, P.L.L.C., in a different professional negligence lawsuit.

The reason Appellants seek disqualification is that Jaggers had previously worked for Clay as a salaried attorney and had worked on litigation involving Holland Income Tax, Inc. and several of its former franchisees, including Payton and Blakely, parties who are now adverse to Clay. Jaggers, however, did not work directly on Payton and Blakely's case while he was employed by Clay. After Jaggers left Clay's employ, however, he prepared a motion for discretionary review to this Court from the Bullitt Circuit Court case that is the basis for the Payton/Blakely negligence action against Clay, and Jaggers also advised Blakely on the phone that this motion had been filed.

Contending that Payton's and Blakely's interests were adverse to Jaggers' interests, Appellants filed a motion with the trial court seeking to disqualify Mitchell based upon the general prohibition against conflicts of interest, SCR 3.130(1.7), and the rule governing imputed disqualification, SCR 3.130(1.10). The trial court denied the motion, reasoning that disqualification was not warranted because the two professional negligence cases had no common issues or parties and that no confidential information about the Blakely/Payton case had passed between Appellants and Mitchell or his law firm.

Appellants then sought a writ of mandamus in the Court of Appeals, seeking to compel the trial court to disqualify Mitchell. In the motion, Appellants alleged that they would suffer injury because Clay would call Jaggers as a witness in the action against Clay and that Jaggers would be subject to cross-examination by Mitchell, an associate of an attorney representing him in another action. Essentially, Appellants contend that Jaggers' testimony for his former professional associate Clay will place him in conflict with his own attorneys in other litigation, Lambert and Mitchell. Citing *Carlsen v. Thomas,*[1] the Court of Appeals denied the requested relief, reasoning that Jaggers' position as a potential witness[2] did not constitute a showing of immediate and irreparable harm necessary for the issuance of a writ of mandamus. In so holding, the Court of Appeals noted that since the trial court's decision was interlocutory, Appellants were not foreclosed from moving the trial court to revisit the disqualification issue in the future should subsequent events make it appropriate to do so.

■ SCR 3.130(1.7), the general rule prohibiting representation that entails a conflict of interest, provides:

(a) A lawyer shall not represent a client if the representation of that client will be *directly adverse* to another client, unless:

(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) Each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

---

1. 159 F.R.D. 661 (E.D.Ky.1994).

2. This Court assumes that Jaggers will be called as a witness for Clay and will render this opinion accordingly.

(1) The lawyer reasonably believes the representation will not be adversely affected; and

(2) The client consents after consultation.

(emphasis added). SCR 3.130(1.10), the imputed disqualification rule, provides in relevant part,

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule[ ] 1.7.

Thus, for purposes of Rule 1.10, Mitchell, an associate of Lambert, is considered to represent Jaggers. He also represents Payton and Blakely in this case against Clay and Smith, and Mitchell owes a duty of loyalty to both sets of clients.

■ In applying Rule 1.7 to the instant case, the threshold issue is whether Mitchell's representation of Payton and Blakely is "directly adverse" to Lambert's representation of Jaggers as is required for disqualification under section (a) of the rule. In elucidating the meaning of "directly adverse," the Commentary to Rule 1.7 explains,

As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without that client's consent.... Thus, a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated. On the other hand, simultaneous representation in unrelated matters of clients whose interests are only generally adverse, such as competing economic enterprises, does not require consent of the respective clients.

Accordingly, Mitchell, in his representation of Payton and Blakely, is not acting as an advocate against Jaggers. Although Jaggers was associated with Clay during the time of the alleged professional negligence by Clay, and Jaggers will testify to subsequent events, he is not a party to that action. Thus, Mitchell's representation of Payton and Blakely is not directly adverse to that of Jaggers, and disqualification is not required under section (a) of Rule 1.7.

■ Disqualification is likewise not required by section (b) of Rule 1.7. Section (b) prohibits representation if it will be "materially limited" by the lawyer's responsibilities to other persons. Here, the two legal malpractice lawsuits are completely unrelated matters. Appellants have failed to show that Lambert's representation of Jaggers in the legal malpractice suit against him will be hindered by Mitchell's representation of Payton and Blakely in their lawsuit against Clay.

■ Appellants further contend that even absent an actual conflict of interest, Mitchell should be disqualified because his representation of Clay brings about an impermissible appearance of impropriety. This Court announced its adherence to the "appearance of impropriety" standard as a separate reason for disqualification in *Lovell v. Winchester*.[3] In *Lovell*, an attorney consulted with a potential client regarding a claim and retained documents relating to the claim. The attorney subsequently declined to represent the client and returned the documents. Sometime later, the attorney took on representation of the opposing side, and the first party sought to disqualify the attorney based upon a conflict of interest. Although the attorney had returned the relevant documents and claimed that he could not remember the initial consultation with the first party, this Court held that there was an appearance of impropriety and disqualified the attorney from the case.

No similar circumstance exists here. Payton and Blakely have expressly waived any conflict and the mere fact of two attorneys in the same firm representing a party on the one hand and being adverse to that person as a witness in another case on the other hand is too attenuated to create an appearance of impropriety.

**3.** Ky., 941 S.W.2d 466 (1997).

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

COOPER, GRAVES, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.